# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|                                        |   |                         |
|----------------------------------------|---|-------------------------|
| JOSE IGNACIO MUNOZ CORRAL,             | ) |                         |
|                                        | ) |                         |
| Petitioner,                            | ) |                         |
|                                        | ) | No. 25-cv-12167         |
| v.                                     | ) |                         |
|                                        | ) | Judge Andrea R. Wood    |
| SANDRA SALAZAR, et al.,                | ) |                         |
|                                        | ) |                         |
| Respondents.                           | ) |                         |

## ORDER

Petitioner's petition for a writ of habeas corpus [7] is granted and his motion for an order to show cause [2] is denied as moot. Within seven days of the entry of this order, Respondents shall either (1) provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a), or (2) release him from custody under reasonable conditions of supervision. By 12/1/2025, the parties shall file a joint status report addressing Petitioner's release status, including confirming that he received a bond hearing and stating the result of that bond hearing. As this Order addresses all requested relief, the Clerk is directed to enter Judgment in favor of Petitioner. Civil case terminated. See the accompanying Statement for details.

## STATEMENT

Petitioner Jose Ignacio Munoz Corral is a noncitizen who entered the United States without inspection in 2014 and has resided here ever since. On October 2, 2025, Munoz Corral was arrested and taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). In line with a recent decision issued by the Board of Immigration Appeals ("BIA"), *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), he has been detained without the opportunity to seek release at an individualized bond hearing before an Immigration Judge. For that reason, he has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking this Court to find Respondents' actions unlawful under the applicable provisions of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment, and to order Respondents to either immediately release him or grant him a bond hearing. (Dkt. No. 7.) Munoz Corral has also filed a motion for an order to show cause as to why he should not be released from detention. (Dkt. No. 2.) For the reasons that follow, Munoz Corral's habeas petition is granted and his motion for an order to show cause is denied as moot.

### I.

Munoz Corral is a noncitizen who entered the United States without inspection in 2014 and has been present in this country since then. (Pet. ¶ 2, Dkt. No. 7.) Prior to his arrest, he resided in Blue Island, Illinois, with his two U.S. citizen children and served as his children's

primary source of financial support. (*Id.* ¶¶ 12, 56, 57.) He has no criminal record. (*Id.* ¶¶ 2, 60.) On October 2, 2025, Munoz Corral was arrested in the course of a wide-scale immigration enforcement action conducted by ICE at a Home Depot located in Woodridge, Illinois. (*Id.* ¶ 1.) Initially, Munoz Corral was detained at the Broadview Detention Center in Broadview, Illinois. (*Id.* ¶¶ 2, 63.) He was detained at that facility when he filed the present habeas petition. (Resp. Status Report ¶ 1, Dkt. No. 8.) Currently, Munoz Corral is being detained at the Clay County Detention Center in Brazil, Indiana. (*Id.* ¶ 3.)

## II.

Based on *Yajure Hurtado*, Munoz Corral has been deemed an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible for release while he awaits removal proceedings. Accordingly, he has been denied a bond hearing before an Immigration Judge. In his habeas petition, Munoz Corral contends that the BIA in *Yajure Hurtado* incorrectly interprets the relevant provisions of the INA and his detention is actually governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A). Detention is discretionary for aliens detained under § 1226(a), subject to exceptions for certain categories of "criminal aliens" not applicable to him. Munoz Corral further argues that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.

This Court has previously confronted the same issues as presented in Munoz Corral's habeas petition in *Ramirez Martinez v. Noem*, No. 25-cv-12029, 2025 WL 3145103 (N.D. Ill. Nov. 11, 2025). In granting relief in *Ramirez Martinez*, this Court determined that § 1226(a) governs detention pending removal proceedings of a noncitizen already residing in the country for an extended period and that such a noncitizen has a Fifth Amendment due process right to a bond hearing. Every other court in this District that has addressed those issues on the merits has reached the same conclusions. *E.g.*, *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025). Respondents' brief in opposition to Munoz Corral's petition raises substantially the same arguments as the respondents in *Ramirez Martinez*. Consistent with this Court's previous ruling, the Court concludes as follows with respect to Munoz Corral.

As an initial matter, pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Samuel Olson in place of Respondent Russell Hott, as Olson has succeeded Hott in the role of ICE's Chicago Field Office Director. Further, because Munoz Corral has been relocated and is currently detained at the Clay County Detention Center, the Court has added as a Respondent that facility's Jail Commander, Brandon Crowley. As the immediate custodians of Munoz Corral, first, at the time of his initial detention at the Broadview Detention Center and, now, during his detention at the Clay County Detention Center, Olson and Crowley are the only proper Respondents here. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent [to a habeas petition] is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The remaining Respondents are dismissed.

Next, the Court finds that it has jurisdiction over Munoz Corral's habeas petition. *See Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("Subject-matter jurisdiction . . . is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question."). Specifically, none of the three statutory provisions cited by Respondents divests this Court of its jurisdiction. *See Ramirez Martinez*, 2025 WL 3145103, at *2–3. First, the Court's exercise of jurisdiction is not barred by 8 U.S.C. § 1252(g) because that provision "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). And Munoz Corral does not challenge any of those specified actions. Second, while 8 U.S.C. § 1252(b)(9) limits judicial review of questions of law and fact "arising from any action taken or proceeding brought to remove an alien from the United States," that section does not preclude the exercise of jurisdiction over questions about whether "certain statutory provisions require detention without a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 292 (2018). And finally, 8 U.S.C. § 1252(a)(2)(B)(ii) does not apply because Munoz Corral "does not challenge a discretionary bond denial by an [Immigration Judge] under § 1226(a)" but instead challenges Respondents' refusal to provide him such a hearing because he is subject to mandatory detention. *Ochoa Ochoa*, 2025 WL 2938779, at *4.

The Court also finds that, because Munoz Corral's habeas challenge concerns whether he is subject to mandatory detention under § 1225 or discretionary detention under § 1226(a), the matter became ripe immediately upon his detention. *Ramirez Martinez v. Noem*, No. 25-cv-12029, 2025 WL 3145103, at *3. And moreover, the Court declines to require administrative exhaustion, as Respondents claim it should, since the BIA's decision in *Yajure Hurtado* shows that it has predetermined the statutory issue presented in Munoz Corral's habeas petition and there is nothing to suggest that the BIA will change its position. *See id.* at *4; *see also Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (explaining that although the general rule calls for "parties [to] exhaust prescribed administrative remedies before seeking relief from the federal courts," exhaustion will be excused is where "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue").

Turning to the merits of Munoz Corral's petition, the Court again reaches the same conclusions as it did in *Ramirez Martinez*. As to the statutory question, the Court finds that detention of a noncitizen like Munoz Corral, who entered this country without inspection and has continuously resided here for an extended period of time since then, is governed by § 1226(a). *See Ramirez Martinez*, 2025 WL 314513, at *5–6. While Munoz Corral falls within § 1225(a)(1)'s broad definition of "applicant for admission," § 1225(b)(2)(A) requires mandatory detention "in the case of an alien who is an applicant for admission" where the alien is also "seeking admission." The provision's use of the word "'seeking' implies action and [noncitizens] who have been present in the country for years are not actively 'seeking admission.'" *Ochoa Ochoa*, 2025 WL 2938779, at *6. By contrast, there is nothing in the plain language of § 1226(a) that would exclude Munoz Corral from its scope. And until only very recently, the Government's practice was to apply § 1226(a) to noncitizens like Munoz Corral. That "longstanding practice of the [G]overnment—like any other interpretative aid—can inform a court's determination of what the law is." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) (internal quotation marks omitted).

3

The Court further concludes that Munoz Corral has a Fifth Amendment due process right to a bond hearing. *See Ramirez Martinez*, 2025 WL 314513, at *7. In determining whether a noncitizen's detention without a bond hearing violates his right to procedural due process, courts balance the following factors: "first, the private interest at stake; second, the risk of erroneous deprivation and the value, if any, of additional procedural safeguards; and third, the government's countervailing interests." *Miguel*, 2025 WL 2976480, at *7 (quoting *Simpson v. Brown County*, 860 F.3d 1001, 1006 (7th Cir. 2017)). All three factors weigh in favor of Munoz Corral. First, his liberty is at stake. Second, there is nothing to indicate that he poses a danger to others, making the risk of erroneous deprivation of his liberty high. And third, holding a bond hearing does not impair the Government's legitimate interest in prompt execution of removal orders.

For the foregoing reasons, Munoz Corral's petition for a writ of habeas corpus is granted. While Munoz Corral seeks either his immediate release or a bond hearing for his removal proceedings, the Court finds that the latter form of relief is proper. Thus, within seven days of the entry of this order, Respondents shall either (1) provide Munoz Corral with a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents will have the burden of showing by clear and convincing evidence that Munoz Corral poses a risk of flight or a danger to the community such that his detention is necessary, or (2) release him from custody under reasonable conditions of supervision.

Dated:  November 19, 2025

Andrea R. Wood
United States District Judge

4